Kohler v West End 84 Units LLC (2025 NY Slip Op 05042)

Kohler v West End 84 Units LLC

2025 NY Slip Op 05042

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Rodriguez, Rosado, JJ. 

Index No. 654985/23|Appeal No. 4672, M-2561|Case No. 2024-07534|

[*1]Paulette Kohler et al., Plaintiffs-Respondents,
v
West End 84 Units LLC et al., Defendants, Elizabeth Adinolfi et al., Defendants-Appellants.

Phillips Nizer LLP, New York (Michael S. Fischman of counsel), for appellants.
The Serbagi Law Firm, P.C., New York (Christopher Serbagi of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered December 2, 2024, which, insofar as appealed from as limited by the briefs, denied defendants Elizabeth Adinolfi and Phillips Nizer LLP's motion to dismiss as to the first and twenty-first (abuse of process), second (intentional infliction of emotional distress) (IIED), seventeenth and eighteenth (power of attorney) (POA), and twentieth (defamation) causes of action, unanimously modified, on the law, to the extent of granting the motion to dismiss the seventeenth and eighteenth causes of action, and otherwise affirmed, without costs. The remaining causes of action are remanded for further proceedings consistent with this decision.
Plaintiffs' claims based on noncompliance with a POA naming plaintiff Kjersti Inga Eggerud as plaintiff Paulette Kohler's agent are properly dismissed because defendants Elizabeth Adinolfi and Phillips Nizer LLP (the PN defendants) complied with their statutory obligations under General Obligations Law § 5-1504 by requesting an affidavit within 10 business days of presentation of the POA (see General Obligations Law § 5-1504[3][a]). It is undisputed that plaintiffs never provided that affidavit, and the PN defendants were not required to do anything further until they received it.
Plaintiffs' abuse of process, IIED, and defamation claims against the PN defendants, which arise from the PN defendants' initiation of a guardianship proceeding with respect to Kohler and provision of a statement to an NBC reporter related to that proceeding (the NBC statement), "involve[d] public petition and participation" such that they are subject to New York's anti-SLAPP (strategic lawsuits against public participation) law (see Civil Rights Law § 76-a[1][a]; Sharp v Bar Fluid LLC, 237 AD3d 628 [1st Dept 2025]; Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 18-19 [1st Dept 2024]). "The right under the First Amendment to the United States Constitution to petition the government includes litigation," and "matters of public interest . . . include judicial proceedings" (Sweetpea Ventures Inc. v Belmamoun, 231 AD3d 460, 461 [1st Dept 2024] [internal quotation marks and brackets omitted]; see Black v Ganieva, 236 AD3d 427, 427 [1st Dept 2025]). Although the guardianship proceeding was arguably private, it became a matter of public interest once NBC learned of it and decided to report on it — a decision that was not made or encouraged by the PN defendants.
On the existing record, plaintiffs failed to demonstrate that the claims have a "substantial basis" (see CPLR 3211[g][1]; Black, 236 AD3d at 428; Reeves, 232 AD3d at 22-24), a standard under the anti-SLAPP law that requires "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Black, 236 AD3d at 428 [internal quotation marks omitted]). It is clear that the FBI was investigating Eggerud for financial abuse, even if that investigation was only preliminary and did not yield any negative findings. The guardianship proceeding and NBC statement were thus not shown to be unfounded or false on this record.
However, in opposing defendants' motion to dismiss below, plaintiffs made an alternative request for specified discovery pursuant to CPLR 3211(g)(3). In essence, a CPLR 3211(g) motion is an accelerated summary judgment motion brought in the context of a SLAPP claim (see Reeves, 232 AD3d at 24). The statute makes special provision for discovery upon an application by the party opposing the CPLR 3211(g) motion. Such discovery is tailored to aid a party in summoning "facts essential to justify its opposition" to a SLAPP claim (CPLR 3211[g][3]) and thereby show a substantial basis for their claims (see Reeves, 232 AD3d at 24).[FN1]
As required by the statute, plaintiffs made their request for specified discovery under oath and with a detailed list of the depositions they seek in ascertaining who contacted the FBI, who knew what about the investigation, and when (see CPLR 3311[g][3]). Plaintiffs seek to substantiate their theory that defendants themselves instigated the FBI investigation to provide a predicate for the guardianship proceeding.
Supreme Court incorrectly held that the anti-SLAPP law did not apply, but, if it did, plaintiffs had established a substantial basis for their claims on the existing record. The court thus never reached plaintiffs' alternative request for discovery. The parties did not brief the issue of specified discovery on the appeal. Under these circumstances, we modify Supreme Court's denial of the motion to dismiss directed at the SLAPP claims and remand the action for discovery under CPLR 3211(g)(3) prefatory to determination of the dismissal motion.
In light of the foregoing issues, we need not reach the remaining arguments.
M-2561 — Paulette Kohler v West End 84 Units LLC Motion for leave to file a surreply brief denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025

Footnotes

Footnote 1: We note that no request for specified discovery was made in Reeves (see 232 AD3d at 25).